# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT L. WATSON,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden, et al.,<br><br>    Respondent. | Case No. 5:19-cv-01780-JLS-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). The Court also has reviewed Petitioner's objections to the R&R, which the Court received and filed on August 25, 2020 ("Objections"). (Objs., ECF No. 25.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which Petitioner specifically has objected.

First, Petitioner argues that the Magistrate Judge should have reviewed his claim in Ground Two de novo because the California Court of Appeal did not provide a "reasoned opinion" rejecting this claim. (Objs., at 2–4.) However, a "reasoned opinion" simply means that the state court explained why it was rejecting

1    Petitioner's claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where
2    there has been one reasoned state judgment rejecting a federal claim, later
3    unexplained orders upholding that judgment or rejecting the same claim rest upon
4    the same ground."). As the Magistrate Judge discussed, the California Court of
5    Appeal provided an explanation for its denial of Petitioner's claim in Ground Two.
6    (*See* R&R, ECF No. 22, at 10 (citing Lodgment ("LD") 4, at 14–15.)) However,
7    the 28 U.S.C. § 2254(d) standard of review, rather than de novo review, would
8    apply even if the state court had denied this claim without providing a reasoned
9    opinion. *Sully v. Ayers*, 725 F.3d 1057, 1067 (9th Cir. 2013) ("Section 2254(d)
10   applies even where, as here, the state court summarily denied the state habeas
11   petition without a reasoned opinion.").

12       Petitioner also argues that the R&R itself is not a "reasoned opinion" because
13   "neither the parties['] contentions [n]or the actual facts of the case are cited in the
14   [R&R]." (Objs., at 4.) Setting aside Petitioner's apparent confusion of the standard
15   of review of state court decisions with this Court's review of the R&R, Petitioner's
16   assertion that the Magistrate Judge overlooked the parties' arguments and the
17   "actual facts of the case" fails. The R&R summarizes the parties' arguments and
18   addresses each of Petitioner's claims. (R&R, at 8–9, 11–15.) It also provides a
19   procedural history of the state court and federal habeas proceedings. (*Id.*, at 2–6.)
20   This Court is limited to the state court record, *see Cullen v. Pinholster*, 563 U.S.
21   170, 182 (2011), and Petitioner has not highlighted any facts in the state court
22   record that the Magistrate Judge overlooked.

23       Next, Petitioner argues that his claim in Ground One—that the state trial
24   court lacked subject matter jurisdiction because the criminal complaint was
25   defective—arises under the Sixth Amendment to the United States Constitution.
26   (Objs., at 5–7.) He asserts that the reference in his Petition to the Fifth Amendment
27   was a "scrivener's error," and that the Magistrate Judge should have known that
28

this claim arose under the Sixth Amendment.  (*Id.*, at 5.)  However, the case Petitioner cites, *Hurtado v. California*, 110 U.S. 516 (1884), instead holds that a claim that a state criminal court lacked jurisdiction would arise under the Fourteenth Amendment's Due Process Clause.[1]  *Hurtado*, 110 U.S. at 519–20.  But in any event, this claim fails for the reasons discussed in the R&R.  (*See* R&R, at 11–12.)

      Petitioner next raises a Sixth Amendment ineffective assistance of counsel claim, arguing that his trial and appellate counsel failed to request discovery and to challenge the prosecution's evidence during the criminal proceedings.  (Objs., at 8–10.)  Petitioner did not include this claim in his Petition, (*see* Pet., ECF No. 1, at 6–9), and he concedes that he did not directly raise this claim in the state court proceedings, (Objs., at 10.)  The Court declines to exercise its discretion to consider this new claim.  *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000); *see also, e.g.*, *Blunk v. Ryan*, 728 F. App'x 736, 737 (9th Cir. 2018) (summary order) (declining to consider "brand-new stand-alone claim for relief that could have been raised long before the magistrate judge considered his habeas petition" but instead was raised "for the first time in his objections").

      Last, Petitioner argues that he is entitled to either an evidentiary hearing or a subpoena of the trial court's records, in support of his claim in Ground Three regarding the alleged lack of a factual basis for his guilty plea.  (Objs., at 11–12.)  However, this argument fails because Ground Three does not state a basis for federal habeas relief.  *See Sully*, 725 F.3d at 1075 ("[A]n evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief."); *see also Pinholster*, 563 U.S. at 203 n.20 ("Because Pinholster has failed to demonstrate that the adjudication of his claim based on the state-court record

---

[1] The other case Petitioner cites, *Herring v. New York*, 422 U.S. 853 (1975), addresses the requirements of the Sixth Amendment, but does not involve a claim that a state criminal court lacked jurisdiction.  *See Herring*, 422 U.S. at 856–65.

3

resulted in a decision 'contrary to' or 'involv[ing] an unreasonable application' of federal law, a writ of habeas corpus 'shall not be granted' and our analysis is at an end." (quoting 28 U.S.C. § 2254(d))). As discussed in the R&R, "the [D]ue [P]rocess [C]lause does not impose on a state the duty to establish a factual basis for a guilty plea absent special circumstances[,]" such as "a defendant's specific protestation of innocence[.]" *Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985); *see also Loftis v. Almager*, 704 F.3d 645, (9th Cir. 2012) (applying this holding in a no contest plea case). Here, there are no such special circumstances: the state court record shows that Petitioner openly admitted the factual basis for his plea at the hearing. (Reporter's Transcript, ECF No. 11-1, at 3–6; *see also* Clerk's Transcript, ECF No. 11-2, at 28.)

In sum, the Court finds no defect of law, fact, or logic in the R&R. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: November 1, 2020

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE